**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JEREMY LOWREY,                                  )
(NATALIE DARLING), #M12002,                      )
                                                 )
        Plaintiff,                               )
                                                 )
    vs.                                          )        Case No. 26-cv-00200-SMY
                                                 )
JEREMIAH BROWN, C/O PLATTE,                       )
C/O BARTH, BIANCA CONSTINO,                       )
C/O HERMANN, C/O RICH,                            )
C/O RICHIE, LT. LATHRUP,[1] and                   )
C/O WILKINS,                                      )
                                                 )
        Defendants.                              )

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Jeremy Lowrey, a transgender woman whose chosen name is Natalie Darling, is an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center. She filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of her constitutional rights during her imprisonment at Lawrence Correctional Center. She claims she was repeatedly sexually assaulted and harassed and seeks monetary damages (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff spells this defendant's surname as Lathrop (Doc. 1, p. 3). The Clerk will be directed to correct the spelling error.

1

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  On March 3, 2025, Plaintiff was interviewed by Defendants Rich and Richie (Internal Affairs Officers) in a closed office room (Doc. 1, p. 6).  Rich walked over to Plaintiff and grabbed and rubbed her breasts while commenting on her breasts and transgender status.  Rich rubbed his clothed crotch/penis across Plaintiff's face and told her to suck it.  Defendant Richie watched this assault and laughed, doing nothing to intervene or protect Plaintiff (Doc. 1, p. 7).

Plaintiff was placed in restrictive housing where protocol requires officers who place ankle and handcuff restraints on the prisoner to do so at the cell doorway in view of the security camera. *Id.*  Male officers broke this protocol.  Defendant Hermann entered Plaintiff's cell on March 11, 2025 to put restraints on her and grabbed her breasts, saying he wanted to see if they were real (Doc. 1, p. 8).  Plaintiff wrote emergency grievances over the incident, which Defendant Warden Brown read and approved for emergency handling.  However, Brown failed to take steps to protect Plaintiff from further harm.

On April 14, 2025, Plaintiff told Defendant Lt. Lathrop that staff on second shift were violating protocol by entering her cell off camera to put restraints on her (Doc. 1, p. 9).  Lathrop did nothing to protect Plaintiff.  On April 15, 2025, Defendant Platte entered Plaintiff's cell to handcuff her.  Platte forced his finger into Plaintiff's anus (Doc. 1, p. 10).  Plaintiff was sent to an outside hospital the next day for a rape kit, where she learned she had a one-inch internal injury from Platte's attack.  Photos were taken of scratches on her buttocks.

After Plaintiff was released from disciplinary restrictive housing, she was moved to 6-House on B-wing.  In July 2025, Defendant Officer Wilkins began sexually harassing Plaintiff, ordering her to show him her breasts or he would write her a disciplinary ticket (Doc. 1, p. 10).

This coercion forced Plaintiff to show Wilkins her breasts. Plaintiff reported Wilkins' harassment to Defendant Constino (Internal Affairs) in an August 2025 interview, but Constino responded she did not care what staff members do. Constino took no action to protect Plaintiff.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:    Eighth Amendment claim for sexual assault/excessive force against Rich for the March 3, 2025 assault and against Richie for failure to intervene.

Count 2:    Eighth Amendment claim for sexual assault/excessive force against Hermann for the March 11, 2025 assault.

Count 3:    Eighth Amendment claims for sexual assault/excessive force against Platte for the April 15, 2025 assault and for deliberate indifference against Brown and Lathrop for failure to protect Plaintiff from that assault.

Count 4:    Eighth Amendment claim for sexual harassment against Wilkins and against Constino for failure to intervene to protect Plaintiff.

Count 5:    State law battery claims against Rich, Hermann, and Platte for the conduct in Counts 1, 2, and 3.

Count 6:    State law claims for intentional infliction of emotional distress against Rich, Hermann, Platte, and Wilkins for the conduct in Counts 1, 2, 3, and 4.

Count 7:    State law negligence claims against Richie, Brown, Lathrop, and Constino for failing to act to prevent the assaults and harassment against Plaintiff.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

3

**<u>Preliminary Dismissals</u>**

Plaintiff includes C/O Barth as a named defendant (Doc. 1, p. 2) but fails to mention Barth in her statement of claim or describe what Barth allegedly did to violate her constitutional rights. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). A plaintiff is required to associate specific defendants with specific facts and claims so defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). C/O Barth will therefore be dismissed from the case.

Similarly, Plaintiff includes Major Kyle Henton in the case caption (Doc. 1, p. 1) but fails to mention this individual in the list of defendants or elsewhere in the Complaint. Therefore, any claim against Henton will also be dismissed.

**<u>Discussion</u>**

**Count 1**

The Eighth Amendment prohibition against cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Id.* at 643 (citing *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009). Additionally, failure to intervene when another officer abuses a prisoner can be the basis for a constitutional violation under the Eighth Amendment. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). To state such a claim, a plaintiff must sufficiently allege a defendant (1) knew that a constitutional violation was

committed; and (2) had a realistic opportunity to prevent it.  *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

Plaintiff's allegations state viable Eighth Amendment claims in Count 1 against Rich for the alleged sexual assault on March 3, 2025, and against Richie for failure to intervene.

### Count 2

Plaintiff has sufficiently alleged an Eighth Amendment claim against Hermann for the March 11, 2025 incident.

### Count 3

Plaintiff has stated a viable Eighth Amendment claim against Platte for the alleged sexual assault on April 15, 2025.   Just as prison officials have a duty to protect prisoners from violence at the hands of other prisoners, *see Farmer v. Brennan*, 511 U.S. 825, 833 (1994), they have an obligation to protect prisoners from assaults perpetrated by guards.  To state a claim for failure to protect, a plaintiff must plead facts suggesting she is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Farmer*, 511 U.S. at 833; *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006); *see also Nielsen v. Sexton*, 168 F.4th 968 (7th Cir. 2026).

Here, Plaintiff alleges she reported misconduct by other staff who improperly entered her cell against protocol through her emergency grievance to Brown and her report to Lathrop the day before Platte's alleged assault.  Based on these allegations, the failure to protect claims in Count 3 against Brown and Lathrop may also proceed.

### Count 4

A plaintiff's claims of harassment by prison officials may be actionable when done maliciously.  *Hudson v. Palmer*, 468 U.S. 517, 528-30 (1984); *Beal v. Foster*, 803 F.3d 356, 357

(7th Cir. 2015) (dismissal of Eighth Amendment harassment claim was premature, where plaintiff alleged psychological trauma to the extent of seeking mental health care; harassment was sexual in nature and included physical conduct beyond the verbal harassment). Plaintiff's description of Wilkins' sexual harassment and threats to falsely discipline her, which led her to expose her breasts against her will, is sufficient to state an Eighth Amendment claim against Wilkins. Plaintiff also sufficiently states a claim against Constino for her alleged failure to act to protect Plaintiff from further harassment.

**Count 5**

Plaintiff's state law tort claims for battery are based on the same facts that support the excessive force/sexual assault claims in Counts 1, 2, and 3. *See Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (federal court has supplemental jurisdiction over related state law claims that "derive from a common nucleus of operative fact"); *see, e.g., Shea v. Winnebago Cty. Sheriff's Dep't*, 746 F. App'x 541, 547-48 (7th Cir. 2018) (discussing assault and battery under Illinois law). Count 5 will therefore proceed against Rich, Hermann, and Platte for their alleged conduct described in Counts 1-3.

**Count 6**

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must plead facts suggesting the defendant(s) intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress;

and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

Plaintiff's allegations against Rich, Hermann, Platte, and Wilkins in Counts 1-5 satisfy this pleading standard. Because the emotional distress claims derive from the same facts underlying the federal claims in Counts 1-4, they may be brought in this case. 28 U.S.C. § 1367(a); *Wisc. v. Ho-Chunk Nation*, 512 F.3d at 936. Accordingly, Count 6 will proceed against Rich, Hermann, Platte, and Wilkins.

### Count 7

To state a claim for negligence in Illinois, a plaintiff must allege facts suggesting the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). Plaintiff has sufficiently pleaded negligence claims against Richie, Brown, Lathrop, and Constino for their alleged failure to take action to prevent the assaults and harassment described in Counts 1-4. Count 7 will proceed against Richie, Brown, Lathrop, and Constino.

### <u>Disposition</u>

The Complaint states colorable claims in Count 1 against Rich and Richie; in Count 2 against Hermann; in Count 3 against Platte, Brown, and Lathrop; in Count 4 against Wilkins and Constino; in Count 5 against Rich, Hermann, and Platte; in Count 6 against Rich, Hermann, Platte, and Wilkins; and in Count 7 against Richie, Brown, Lathrop, and Constino. Defendant C/O Barth is **DISMISSED** from the action without prejudice. The Clerk is **DIRECTED** to correct the spelling of Lt. Lathrop's surname.

The Clerk shall prepare for Jeremiah Brown, C/O Platte, Bianca Constino, C/O Hermann,

C/O Rich, C/O Richie, Lt. Lathrop, and C/O Wilkins: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against her and the judgment includes the payment of costs under 28 U.S.C. §1915, she will be required to pay the full amount of the costs, even though her application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in her address; the Court will not independently investigate her whereabouts.  This shall be done in writing and not later than

8

**14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  July 20, 2026**

_____
**STACI M. YANDLE**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.